JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 6 2004

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1629*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE NEURONTIN MARKETING AND SALES PRACTICES LITIGATION*

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

Now before the Panel are three separate motions encompassing a total of 27 actions that are listed on the attached Schedule A and are pending in sixteen districts as follows: six actions in the Eastern District of Louisiana; four actions in the District of Massachusetts; two actions each in the Eastern District of Arkansas, the Northern District of Florida, and the District of New Jersey; and one action each in the Southern District of Alabama, the Northern District of Georgia, the Southern District of Illinois, the Southern District of Indiana, the Western District of Louisiana, the District of Minnesota, the Southern District of Mississippi, the Southern District of New York, the Northern District of Ohio, the Western District of Tennessee, and the Northern District of Texas.[1] Pursuant to 28 U.S.C. § 1407, i) plaintiffs in one District of New Jersey action that originally moved for centralization in the District of New Jersey now move for centralization in the District of Massachusetts; ii) plaintiffs in two Eastern District of Louisiana actions move for centralization in their Louisiana district; and iii) common defendants Pfizer, Inc., Warner-Lambert Co., and Parke-Davis move for centralization in the Southern District of New York. No responding party opposes centralization, though respondents continue and expand upon the disagreement among movants regarding the appropriate choice for transferee district. Thus, some respondents support one of the forums suggested in the three Section 1407 motions, while other respondents have expressed support for one of four other potential transferee districts: the Northern District of Illinois, the Southern District of Illinois, the District of New Jersey, and the Northern District of Ohio.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are purported class actions involving

---

[1] The Panel has been notified of additional related actions recently filed in the Middle and Southern Districts of Alabama, the Southern District of Florida, the Northern and Southern Districts of Illinois, the Eastern District of Louisiana, the Eastern District of Missouri, the District of New Jersey, and the Eastern District of Texas. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

allegations that common defendants have engaged in the illegal promotion and sale of the drug Neurontin for "off-label" use. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

In concluding that the District of Massachusetts is an appropriate forum for this docket, we note that i) the district is where a False Claims Act *qui tam* action predicated on the same facts as those at issue in the MDL-1629 actions had been pending for eight years and had proceeded to a very advanced stage before being settled; and ii) the judge assigned to the constituent MDL-1629 Massachusetts actions is the same judge who presided over the *qui tam* action and is thus already thoroughly familiar with the issues of fact and law raised in the MDL-1629 actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to that district and, with the consent of that court, assigned to the Honorable Patti B. Saris for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1629 -- In re Neurontin Marketing and Sales Practices Litigation</u>

### Southern District of Alabama

*Gulf Distributing Holdings, LLC v. Pfizer, Inc.*, C.A. No. 1:04-403

### Eastern District of Arkansas

*Claudia Lang v. Pfizer, Inc., et al.*, C.A. No. 5:04-234
*James Hope v. Pfizer, Inc., et al.*, C.A. No. 5:04-248

### Northern District of Florida

*Sylvia G. Hyman v. Pfizer, Inc., et al.*, C.A. No. 3:04-215
*Clifford Eckenrode v. Pfizer, Inc., et al.*, C.A. No. 3:04-240

### Northern District of Georgia

*Johnny Ray Meeks, et al. v. Pfizer, Inc., et al.*, C.A. No. 1:04-1781

### Southern District of Illinois

*Brenda Straddeck v. Pfizer, Inc., et al.*, C.A. No. 4:04-4106

### Southern District of Indiana

*Gerald Smith v. Pfizer, Inc., et al.*, C.A. No. 1:04-1052

### Eastern District of Louisiana

*Emma B. Christina v. Pfizer, Inc., et al.*, C.A. No. 2:04-1450
*Debra Mull, etc. v. Pfizer, Inc., et al.*, C.A. No. 2:04-1489
*Maggie Dorty, et al. v. Pfizer, Inc., et al.*, C.A. No. 2:04-1547
*Dianne Irene Hood v. Pfizer, Inc., et al.*, C.A. No. 2:04-1575
*Joyce B. Duhe v. Pfizer, Inc., et al.*, C.A. No. 2:04-1591
*Patricia Ann White v. Pfizer, Inc.*, C.A. No. 2:04-1712

### Western District of Louisiana

*Annie D. Blevins v. Pfizer, Inc.*, C.A. No. 6:04-1162

- 2 -

**MDL-1629 Schedule A (Continued)**

District of Massachusetts

*The Guardian Life Insurance Co. of America v. Pfizer, Inc., et al.*, C.A. No. 1:04-10739
*Aetna, Inc. v. Pfizer, Inc., et al.*, C.A. No. 1:04-10958
*Harden Manufacturing Corp. v. Pfizer, Inc., et al.*, C.A. No. 1:04-10981
*Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Pfizer Inc., et al.*,
    C.A. No. 1:04-10984

District of Minnesota

*John Lerch v. Pfizer, Inc., et al.*, C.A. No. 0:04-3021

Southern District of Mississippi

*Mary Jane Gordon, et al. v. Pfizer, Inc., et al.*, C.A. No. 1:04-552

District of New Jersey

*ASEA/AFSCME Local 52 Health Benefits Trust, et al. v. Pfizer, Inc., et al.*,
    C.A. No. 2:04-2577
*Julie K. Bakle v. Pfizer, Inc., et al.*, C.A. No. 2:04-2935

Southern District of New York

*Lorraine Kopa v. Pfizer, Inc., et al.*, C.A. No. 1:04-4593

Northern District of Ohio

*Mary Lou Lienerth v. Pfizer, Inc., et al.*, C.A. No. 1:04-1161

Western District of Tennessee

*James Doyle v. Pfizer, Inc., et al.*, C.A. No. 2:04-2509

Northern District of Texas

*Tammylee Willoz v. Pfizer, Inc., et al.*, C.A. No. 3:04-1234